CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 21 2006

JOHN F. CORCORAN, CLERK
BY: /s/
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANTONIO ROOTS,<br>    Petitioner, | Civil Action No. 7:06-CV-00142 |
| v. | MEMORANDUM OPINION |
| JEFFREY DILLMAN,<br>    Respondent. | By: Hon. Glen E. Conrad<br>United States District Judge |

Antonio Roots, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus under 28 U.S.C. § 2254. Roots is presently incarcerated at Coffeewood Correctional Center in Culpeper County. Roots alleges that he was unconstitutionally convicted of a disciplinary infraction. For the following reasons, the court concludes that his petition must be dismissed under Rule 4 of the Rules Governing Section 2254 Cases.[1]

Pursuant to 28 U.S.C. § 2254(b), a federal court cannot grant habeas relief unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. If the petitioner has failed to exhaust state court remedies, the court must dismiss the petition. Slayton v. Smith, 404 U.S. 53, 54 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Virginia, that court is the Supreme Court of Virginia.

In this case, it is undisputed that Roots has not presented his claim to the Supreme Court of Virginia. Roots acknowledges that the instant petition is his "first level of petition," and that he has not presented his claim in any other court. Because Roots has failed to fully exhaust available state

---

[1] Rule 4 provides that the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief...."

court remedies, as required by § 2254(b), his petition must be dismissed.[2]

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 20th day of March, 2006.

/s/ Glen E. Conrad
United States District Judge

---

[2] The petitioner may refile his claim in a federal habeas petition if he is still unsuccessful in obtaining relief after presenting the claim to the Supreme Court of Virginia. The petitioner is advised, however, that his time to file a state or federal habeas petition is now limited. See 28 U.S.C. § 2244(d); Virginia Code § 8.01-654(A)(2).

2